UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OSMANI GUARDADO
BALLESTER and YADAMI
ALVAREZ CHAVEZ,

    Plaintiffs,

v.                                                  Case No.:  2:23-cv-272-JLB-KCD

INTEGON NATIONAL
INSURANCE COMPANY,

    Defendant.
_____/

## REPORT & RECOMMENDATION

Plaintiffs Osmani Guardado Ballester and Yadami Alvarez Chavez sued Defendant Integon National Insurance Company in state court for breach of an insurance contract. (Doc. 5.)[1] Defendant removed the case to federal court (Doc. 1) and later moved to dismiss (Doc. 7). It even certified that the motion was served on Plaintiffs, not just through the Court's electronic filing system but directly via email and US Mail. (Doc. 7 at 14.) Yet Plaintiffs never responded and the time to do so has expired.

Then, out of an abundance of caution, when the deadline for a response to the motion to dismiss lapsed, the Court issued a show cause order. In it, the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations

Court warned Plaintiffs against noncompliance. (Doc. 12.) That deadline too has now come and gone.

Finally, as part of its case management order for hurricane cases, the Court required Plaintiffs to file a "certification that the parties are familiar with and will abide by the court's local rules and orders entered as of the certification date." (Doc. 9.) Plaintiffs have not filed their certification, nor responded to the Court's show cause order directing compliance.

Ignoring the Court's orders is grounds for dismissal for lack of prosecution. According to the local rules, "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

Plaintiffs have not diligently prosecuted this case. They have failed to meet several deadlines and ignored the Court's show cause orders. These actions evidence Plaintiffs have lost interest in prosecuting their case. Thus, the Court should dismiss this matter without prejudice.

**ENTERED** in Fort Myers, Florida on May 24, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.